IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATH B. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-843-MHT |
| | ) [WO] |
| | ) |
| MONTGOMERY CITY POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Heath B. Clark ["Clark"], a county inmate, challenges the constitutionality of the defendants refusal to return property seized from him during an arrest in August of 2005.

Upon review of the complaint, the court concludes that the plaintiff's claims for relief against the Montgomery City Police Department and the Montgomery County Sheriff's Department are due to be dismissed prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint contains claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

Clark names the Montgomery City Police Department and the Montgomery County Sheriff's Department as defendants in this cause of action. Neither a city police department nor a county sheriff's department is a legal entity subject to suit or liability under section 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Clark's claims against the Montgomery City Police Department and the Montgomery County Sheriff's Department are due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Montgomery City Police Department and the Montgomery County Sheriff's Department be dismissed prior to service pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The aforementioned departments be dismissed as defendants in this cause of action.

3. This case, with respect to the plaintiff's claims against the chief of police for the City of Montgomery, Alabama and the sheriff of Montgomery County, Alabama, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before October 10, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 25th day of September, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE