IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HEATH CLARK,                             *
                                          *
            Plaintiff,                    *
                                          *
vs.                                       *    Civil Action: 2:06cv843-MHT
                                          *
MONTGOMERY, ALABAMA CITY                  *
POLICE, MONTGOMERY, ALABAMA               *
COUNTY SHERIFF DEPARTMENT,                *
ARRESTING OFFICERS (John Does)            *
AUTO THEFT DETECTIVES (John Does),        *
                                          *
            Defendants.                   *

## SPECIAL REPORT

COMES NOW Sheriff D. T. Marshall of the Defendant Montgomery, Alabama County Sheriff Department, by and through his attorney of record, Thomas T. Gallion, III and the law firm of Haskell Slaughter Young & Gallion, LLC and in response to this Honorable Court's Order dated September 25, 2006 submit the following Special Report to this Court.[1]

DOCUMENTS

Affidavit of D. T. Marshall

---

[1] On October 23, 2006, Defendant received a copy of Plaintiff's Motion to Dismiss Complaint that is dated October 18, 2006. However, the Court has not ruled on Plaintiff's Motion. It is not known if this pleading was duly filed with the United States District Court or not.

PLAINTIFF'S ALLEGATIONS

Plaintiff filed a Complaint on September 21, 2006 against Defendant Montgomery County, Alabama County Sheriff's Department (Sheriff D. T. Marshall), Montgomery, Alabama City Police Department, Arresting Officers (John Does) and Auto theft Detectives (John Does).   Plaintiff alleges that on August of 2005 to February and March 2006, that his fourth and fifth amendment rights were violated regarding the illegal seizure of his personal property and deprivation of his personal property. He also alleges that his due process has been violated.  Plaintiff states that on August 24, 2005 he was arrested in Montgomery, Alabama and charged with receiving stolen property (the car he was driving).  In March 2006, the charge was dropped and he was released, but immediately extradited to Marshall County, Tennessee.   Plaintiff alleges that his personal property was not returned to him upon his release from the Montgomery County Detention Facility located in Montgomery, Alabama.  His personal property was located inside the stolen vehicle at the time of his arrest.

FACTS

1.     Plaintiff entered the Montgomery County Detention Facility on October 11, 2005 after being arrested by the Montgomery City Police Department.  The only property that Montgomery County Sheriff's Department took from the Plaintiff was the clothes he was wearing – a beige shirt, blue shorts and black Nike shoes.  These personal effects were released into the custody of the officers who took Plaintiff back to Tennessee to await trial.  Plaintiff signed the personal effects receipt that these items were released to him.  (See Affidavit of D. T. Marshall and attachments.)

2.      It is the policy of the Montgomery County Detention Facility that every effort will be made on the part of the facility personnel to ensure safe custody, decent living conditions and fair treatment for all inmates.  (See Affidavit of D. T. Marshall attached hereto.)

DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Defendant Marshall did not violate any of the Plaintiff's constitutional rights afforded him under law.

3.      Defendant Marshall avers that he is entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution and/or qualified immunity from suit.

4.      Defendant Marshall avers that he acted in a manner that has been in accordance with previous court rulings regarding the operation of the Montgomery County Detention Facility.

5.      Defendant Marshall avers that the prison regulations in question were reasonably related to legitimate penological interests.

6.      Plaintiff's charges do not arise from any action taken by this Defendant.

MEMORANDUM IN LAW

The Plaintiff's claims do not rise to a constitutional violation.  The Plaintiff cannot demonstrate that the conditions at the facility are sufficiently serious or that the Defendant Marshall was deliberately indifferent to his health or safety.

Plaintiff's claims for damages against Defendant Marshall in his official capacities under 42 U.S.C. §1983 should be dismissed because in his official capacities, Defendant Marshall is not considered "person" subject to liability under §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Any such official capacity claims must also be dismissed because Defendant is entitled to immunity under the Eleventh Amendment. *Lancaster v. Monroe County,* 16 F. 3rd 1419 (11th Cir. 1997).

To the extent Plaintiff has asserted his claims against Defendant Marshall in his individual capacity, he is entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzales v. Lee County Housing Authority,* 161 F.3rd 1290, 1295 (11th Cir. 1998). Defendant Marshall was acting within the scope of his discretionary authority, and the burden is therefore on the Plaintiff to demonstrate that his actions violated clearly established law based upon objective standards. Plaintiff cannot meet this burden; therefore, his claims should be dismissed.

Plaintiff must also establish a casual connection between an act of a supervising official and the alleged constitutional violation. *Smith v. State of Alabama*, 996 F. Supp. 1203, 1212 (M.D. Ala. 1998). Defendant is a supervisory official. Plaintiff has failed to establish a casual connection between any of his actions and any alleged constitutional violation. Plaintiff's claims against Defendant Marshall should therefore be dismissed.

There is no evidence that Defendant Marshall had a subjective awareness of a relevant risk of serious harm to the Plaintiff, and that he disregarded that risk. The prison

regulations in place at the Montgomery County Detention Facility are reasonable and do not infringe the Plaintiff's constitutional rights. *Turner v Safley,* 482 U.S. 78 (1997).

Respectfully submitted this 3rd day of November 2006.

s/ Thomas T. Gallion, III
Thomas T. Gallion, III          (GAL010)
Attorney for Defendant Marshall
ASB-5295-L74T
E-mail:  mp@hsy.com

OF COUNSEL:
Haskell Slaughter Young & Gallion, L.L.C.
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
334-265-8573
fax number: (334) 264-7945

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Heath Clark
150 Church Street
Lewisburg, TN  37091

Art Baylor, Chief of Police
City of Montgomery
320 N. Ripley Street
Post Office Box 1111
Montgomery, AL 36101-1111

s/ Thomas T. Gallion, III
Of Counsel

50051-586
#22,789

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

HEATH CLARK,                                    *
                                                *
          Plaintiff,                            *
                                                *
vs                                              *     Civil Action No. 2:06cv843-MHT
                                                *
MONTGOMERY, ALABAMA CITY                        *
POLICE, MONTGOMERY, ALABAMA                     *
COUNTY SHERIFF DEPARTMENT,                      *
ARRESTING OFFICERS (John Does)                  *
AUTO THEFT DETECTIVES (John Does),              *
                                                *
          Defendants.                           *

## AFFIDAVIT OF D. T. MARSHALL

I, D. T. Marshall, being first duly sworn, depose and say on oath as follows:

1.     My name is D. T. Marshall and I am over the age of nineteen years and am a resident of Montgomery County, Alabama. I am the Sheriff of Montgomery County, Alabama. I am a named Defendant in the above styled cause filed by Heath Clark.

2.     I have not violated the constitutional rights of Inmate Heath Clark.

3.     It is the policy of the Montgomery County Detention Facility that every effort will be made on the part of facility personnel to ensure safe custody, decent living conditions, and fair treatment for all inmates. The total, daily operations of the detention facility are managed by the Director of the Detention Facility, employed by the Montgomery County Sheriff's Office.

4.     On October 11, 2005, Heath Clark was arrested by the Montgomery City Police Department and any property taken by them should be in their custody or control.

5.    He was booked into the Montgomery County Detention Facility that same day and the only property that the Montgomery County Detention Facility took from him was the clothes he was wearing – a beige shirt, blue shorts and black Nike shoes.  This is the only personal property belonging to Heath Clark that we had any control over before he was taken back to Tennessee. See copy of Montgomery County Detention Personal Effects Receipt, Inmate Clothing Inventory, attached hereto as Exhibit A.

6.    These personal effects were released into the custody of the officers who took him back to Tennessee to await trial.  Heath Clark signed the personal effects receipt on October 11, 2005 that he received all of his personal effects as listed thereby relieving the Montgomery County Sheriff's Office of any and all liabilities regarding these articles.

Further the affiant saith not.

_D. T. Marshall_

SWORN TO AND SUBSCRIBED BEFORE ME on this ___17th___ day of October 2006, witness my hand and official seal of office.

_Jackie Windsor-McCra/gh_
Notary Public
My commission expires ___9/25/07___

#22,526

## MONTGOMERY COUNTY DETENTION PERSONAL EFFECTS RECEIPT

DATE: _10-11-05_   TIME: _1757_   DOB: _2/23/72_   BOOKING NO: _86598_

INMATE'S NAME: _Clark_          _Heath_
                              (Last)                (First)            (Middle)

## No Property Taken: ( )

### List Number of Each Item Received

| | | | |
|---|---|---|---|
| Wallet | ____ | Pager | ____ |
| Purse | ____ | Knife | ____ |
| Lighter | ____ | Single Key | ____ |
| Nail Clips | ____ | Set of Keys | ____ |
| Checkbook | ____ | Earrings/single | ____ |
| Sunglasses | ____ | Earrings/pair | ____ |
| Pens | ____ | Ring/white/with stones | ____ |
| Rings/yellow/with stones | ____ | Ring/white/without stones | ____ |
| Rings/yellow without stones | ____ | Necklace/white | ____ |
| Necklace/yellow | ____ | Bracelet/white | ____ |
| Bracelet/yellow | ____ | Cell Telephone | ____ |

Watch: Make_____   Band Color_____   Working: Yes ( ) No ( )

Miscellaneous: _Blk Shoe Strngls  cinh_

I hereby certify that I agree with the above inventory of my personal effects and it is an accurate description of all my property held by the Montgomery County Detention Facility.

Inmate's Signature: _____   Officer's Signature: _____

I hereby authorize the Sheriff and any of his officers to open all mail matter and packages that may be mailed to me while I am a prisoner in his custody. (This does not pertain to legal mail.)

    I understand that the Montgomery County Detention Facility has a $50.00 cap on its liability for any personal item i have. I also understand that it is my responsibility to remove, within three normal working days, any personal property assessed at over $50.00. I understand that I may request the facility to mail out my property at my own expense, or I may call someone to pick it up.

    I understand that I will be issued several items during my stay in jail and that I will be responsible for the cost of these items should I damage them in any way. I also understand that should I purposely damage any county property that I will be charged with criminal tampering, a class C felony.

    I understand it is my responsibility to have my personal excess property removed within seven (7) days or it will be destroyed.

Inmate's Signature: _____   Officer's Signature: _____

I hereby certify that I have received all my personal effects as listed on the above inventory (money excluded) thereby relieving the Montgomery County Sheriff's Office of any and all liabilities regarding articles they have or have not held for me during my incarceration.

Inmate's Signature: _____   Officer's Signature: _____

## MONTGOMERY COUNTY DETENTION FACILITY

# *Inmate Clothing Inventory*

Inmate Name: Clark, Heath    Booking #: 86598

Date: 10·11·2005    Time: 2311   AM/(PM)

**Initial Intake:**

|  |  | Color | Type or Brand | Condition |
|---|---|---|---|---|
| ( ✓ ) | Shoes: | Black | Nike | used |
| ( O ) | Belt: | | | |
| ( O ) | Hat/Cap: | | | |
| ( O ) | Jacket: | | | |

Inmate's Signature: _____    Date: 10·11·05

Officer's Signature: _____    Date: 10·11·05

* * * * * * * * * * * * *

**Completion Intake**

|  |  | Color | Type or Brand | Condition |
|---|---|---|---|---|
| ( ✓ ) | Shirt/Blouse: | Beige | Field Stream | used |
| ( ✓ ) | Pants/Skirt: | Shorts Blue | USA | |
| ( O ) | Socks: | | | |
| ( ) | Other: | | | |

**Locker Number:** F-71

Extra property to be picked up by a friend or relative within 7 days.  If not picked up, extra property WILL BE DESTROYED.

Inmate's Signature: _____    Date: 10·11·05

Officer's Signature: _____    Date: 10·11·05

Supervisor's Signature: _____    Date: 10·11·05

Revised 09/04